**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**Urbana Division**

| | |
|---|---|
| **BERTAM MUSIC CO., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | |
| ) | Case No. 09-2253 |
| **P & C ENTERPRISES, INC.,** ) | |
| **LONNIE E. CLARK, and** ) | |
| **J. W. PIRTLE,** ) | |
| **Defendants.** ) | |

# REPORT AND RECOMMENDATION

Plaintiffs filed a Complaint (#1) against Defendants P & C Enterprises, Inc., Lonnie E. Clark, and J.W. Pirtle in October 2009. Plaintiffs bring suit against Defendants for copyright infringement under U.S. Code Title 17. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

In April 2011, Defendant Lonnie Clark (deceased), by his attorney, moved to dismiss Defendant Clark under Federal Rule of Civil Procedure 25. Defendant Clark died in December 2010. Defendant Clark argues that Plaintiffs have failed to file a motion for substitution, and therefore, the case must be dismissed as to Defendant Clark. Defendant Clark has filed Motion to Dismiss Defendant, Lonnie Clark (#36). Plaintiffs have filed Plaintiffs' Response to Motion to Dismiss as to Defendant, Lonnie Clark (#43). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Motion to Dismiss as to Defendant, Lonnie Clark **(#36)** be **DENIED**.

## I. Discussion

Defendant Lonnie Clark died in December 2010. Defendant Pirtle and Defendant P & C Enterprises, Inc. filed a Statement Noting a Party's Death (#30) on December 16, 2010. On March 15, 2011, Plaintiffs filed Plaintiffs' Motion to Extend the Rule 25(a)(1) Deadline for

Filing A Motion to Substitute Party (#34.) This Court granted this motion. (Text Order, April 8, 2011). The Court's order stated:

> Plaintiff's Motion to Extend the Rule 25(a)(1) Deadline for Filing a Motion to Substitute 34 is GRANTED. Plaintiffs' deadline to file substitution of parties pursuant to Fed. R. Civ. P. 25(a)(1) is extended 56 days after Defendants' counsel notifies Plaintiffs' counsel of the proper successor, representative, or other special administrator substitute.

(Text Order, April 8, 2011.)

Defendant Clark, by his attorney, now argues that Defendant Clark must be dismissed because more than 90 days have elapsed since service on Plaintiffs of the notice of death of Defendant Clark, and no motion for substitution has been filed by any party. Defendant relies on Federal Rule of Civil Procedure 25(a)(1).

Federal Rule of Civil Procedure 25 provides as follows:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

FED. R. CIV. P. 25(a)(1).

Plaintiffs respond that this Court has explicitly granted an extension until 56 days after Defendants' counsel notifies Plaintiff's counsel of the proper party to substitute. Plaintiffs contend that they still have not been notified as to a proper party to substitute, and therefore the time limit on the extension has not yet begun to run. Plaintiffs further argue that, even if the Court's April 8, 2011, Order were to be set aside, Plaintiffs still have not run afoul of Rule 25 because a suggestion of death must include a decedent's representative or successor in order to start the 90-day limit on filing a motion for substitution.

Where a statement of death does not list the name of an executor or administrator of the estate, although the information is readily available to the person filing the statement, the statement or suggestion of death is ineffective under Rule 25. *Merit Ins. Co. v. Colao*, No. 75 C 899, 1986 WL 9543, at *5 (N.D. Ill. Aug. 27, 1986).[1] "The problem that such an 'anonymous' suggestion of death poses for a plaintiff is obvious: the plaintiff must be able to identify and serve the proper representative party." *Arana v. Martin*, No. 89 C 4179, 1991 WL 211260, at *2 (N.D. Ill. Oct. 7, 1991). *See also Atkins v. City of Chi.*, 547 F.3d 869, 873-74 (7th Cir. 2008) (discussing an exception to Rule 25: "if the suggestion of death is filed by the opposing party, that party is not required to serve a successor or representative if he doesn't know who that is").

This Court has already explicitly indicated that Plaintiffs' deadline to file substitution of parties pursuant to Fed. R. Civ. P. 25(a)(1) is extended 56 days after Defendants' counsel notifies Plaintiffs' counsel of the proper successor, representative, or other special administrator substitute. (Text Order, April 8, 2011). Defendant Clark, by his attorney, has not suggested to this Court that Plaintiffs have been informed of a proper successor. This Court's previous text order is supported by the authority indicated above. Rule 25 does not mandate that this Court dismiss the action against Defendant Clark under these circumstances, where Plaintiffs have not been informed of a proper successor. As such, this Court recommends that Defendant Clark's motion to dismiss be denied.

## II. Summary

For the reasons stated above, this Court recommends that the Motion to Dismiss as to Defendant, Lonnie Clark **(#36)** be **DENIED**.

---

[1]Though Federal Rule of Civil Procedure 25 has been amended twice since the date of *Colao*, the committee notes indicate that the changes made by the amended rule are only stylistic. *See also Atkins v. City of Chi.*, 547 F.3d 869, 870 (7th Cir. 2008).

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986)**.**

ENTER this 25th day of May, 2011.

s/ DAVID G. BERNTHAL<br>U.S. MAGISTRATE JUDGE